NEUBAUER, C.J.
*569 ¶ 1 In this Public Records Law case, Willis W. Hagen, II, brought an action under WIS. STAT. § 19.356 (2015-16)[1] to enjoin the Board of Regents of the University of Wisconsin System and the *570 University of Wisconsin-Oshkosh (the University) from disclosing to Alexander Nemec records relating to an investigation of a complaint against Hagen, a professor at the University. The circuit court denied the request for injunctive relief, concluding that no statutory or common-law exception barred the records' release and that the presumption of public access, see WIS. STAT. § 19.31, outweighed any public interest in nondisclosure. We affirm the order.[2]
BACKGROUND
¶ 2 In March 2017, Nemec, a reporter, made a request for records relating to "closed complaints" against Hagen. After locating and partially redacting forty-four pages, the University gave statutory notice to Hagen in compliance with WIS. STAT. § 19.356(2). A sealed affidavit provides details about what was and was not redacted and why. The records custodian concluded that no statutory exception shielded the partially redacted records-as the internal investigation was completed-and that the public's interest in access to the records outweighed any interest in nondisclosure.
¶ 3 Hagen commenced this action under WIS. STAT. § 19.356(4) to enjoin the University from disclosing the report. Nemec intervened as a matter of right under § 19.356(4).
¶ 4 After an in-camera inspection of the records and the parties' submissions, the court concluded that Hagen had identified no statutory or common-law exception to *200 disclosure. The court next engaged in the balancing test and, after a thorough and well-considered analysis, concluded that the strong public interest in disclosure applicable in a case involving *571 investigation of a complaint about a professor at a public institution outweighed any concerns Hagen provided regarding damage to his reputation. The court determined that some of the University's redactions were overbroad, and some of them were withdrawn. The court denied Hagen's request for an injunction. This appeal followed.[3]
DISCUSSION
¶ 5 Absent a clear statutory exception, a limitation under the common law, or an overriding public interest in keeping a public record confidential, Hathaway v. Joint Sch. Dist. , 116 Wis. 2d 388, 397, 342 N.W.2d 682 (1984), Wisconsin's Public Records Law "shall be construed in every instance with a presumption of complete public access," WIS. STAT. § 19.31. As the denial of public access generally is contrary to the public interest, access may be denied "only in an exceptional case." Id. "[A]n 'exceptional case' ... exists when the facts are such that the public policy interests favoring nondisclosure outweigh the public policy interests favoring disclosure, notwithstanding the strong presumption favoring disclosure." Hempel v. City of Baraboo , 2005 WI 120, ¶ 63, 284 Wis. 2d 162, 699 N.W.2d 551. The interpretation and application of the Public Records Law to undisputed facts present questions of law that we review de novo but benefiting from the circuit court's analysis. Kailin v. Rainwater , 226 Wis. 2d 134, 147, 593 N.W.2d 865 (Ct. App. 1999). The party seeking nondisclosure has the burden to show that "public interests favoring secrecy outweigh those *572 favoring disclosure." John K. MacIver Inst. for Pub. Policy, Inc. v. Erpenbach , 2014 WI App 49, ¶ 14, 354 Wis. 2d 61, 848 N.W.2d 862 (citation omitted).
¶ 6 Hagen complains that the circuit court erred when it concluded that no statutory exceptions applied. He contends that WIS. STAT. § 19.36(10)(d) should exempt the records, as the records relate to "staff management planning."[4] This court has made clear, however, that, once the investigation into possible misconduct by a public employee is completed, para. (10)(d) does not exempt records of the investigation from disclosure.
*201 Kroeplin v. DNR , 2006 WI App 227, ¶ 32, 297 Wis. 2d 254, 725 N.W.2d 286 (explaining that § 19.36(10)(b) is the only exception to the Public *573 Records Law that applies to allegations of employee misconduct and only applies to current investigations). The records at issue here include notices of a complaint and related investigation; a summary of a meeting about that investigation; the resulting report on the complaint, investigation, and findings; the complaint itself; responses by Hagen to the complaint and findings; and recommendations and sanctions stemming from the investigation. There are also emails regarding the complaint and investigation. The circuit court correctly determined that no statutory exception exists for records of closed misconduct investigations.
¶ 7 We turn to the balancing test. It entails assessing whether allowing inspection would result in harm to the public interest that outweighs the legislative policy recognizing the strong public interest in allowing inspection. Hathaway , 116 Wis. 2d at 402-03, 342 N.W.2d 682.
¶ 8 Wisconsin courts have recognized the "great importance of disclosing disciplinary records of public employees and officials where the conduct involves violations of the law or significant work rules," Kroeplin , 297 Wis. 2d 254, ¶ 28, 725 N.W.2d 286, and the public's "particularly strong interest in being informed about public officials who have been 'derelict in [their] duty,' " even at the cost of possible reputational harm, Wisconsin Newspress, Inc. v. School Dist. of Sheboygan Falls , 199 Wis. 2d 768, 786, 546 N.W.2d 143 (1996) (alteration in original; citation omitted).
¶ 9 Moreover, the public has a strong interest in monitoring the disciplinary operations of a public institution. Linzmeyer v. Forcey , 2002 WI 84, ¶ 28, 254 Wis. 2d 306, 646 N.W.2d 811 ; Zellner v. Cedarburg Sch. Dist. , 2007 WI 53, ¶ 53, 300 Wis. 2d 290, 731 N.W.2d 240 (noting the public "has an interest in knowing how *574 the government handles the disciplinary actions of public employees"). Hagen's stated concern that release would have a chilling effect on attracting qualified candidates for future employment is "remote-too remote to overcome the policy favoring disclosure of public records." State ex rel. Journal/Sentinel, Inc. v. Arreola , 207 Wis. 2d 496, 517, 558 N.W.2d 670 (Ct. App. 1996). Releasing records relating to misconduct investigations is unlikely to discourage recruitment of good teachers. Indeed, it is as likely that current or prospective employees would view the release as appropriately transparent and favoring accountability.[5] The circuit court's ruling permitting disclosure of the records is consistent with Wisconsin's law and public policy.[6]
¶ 10 Hagen also challenges the circuit court's protective order permitting an attorney's eyes-only review of the records by Nemec's counsel, in court and without *202 copying any documents, for purposes of briefing. Hagen points to WIS. STAT . § 19.356(5) which states, "the authority shall not provide access to the *575 requested records during the pendency of the action." We agree with the circuit court that this provision did not preclude the limited access provided here.
¶ 11 The statute applies to the "authority," which is the University. See WIS. STAT. § 19.32(1). It does not preclude the court from providing limited access to the requested records on an attorney's eyes-only basis. We find guidance in the provision relating to a mandamus action under WIS. STAT. § 19.37(1), applicable when a party seeks release. Section 19.37(1)(a) provides that "[t]he court may permit the parties or their attorneys to have access to the requested record under restrictions or protective orders as the court deems appropriate." Whether the action seeks release or an injunction, the need for limited review by a party who intervenes by right, in order to ensure fair and fully informed adjudication of the dispute, is equally applicable.[7]
¶ 12 The record and briefs were received under seal. The record shall remain sealed for thirty days after the date of this decision to give Hagen the opportunity to petition the supreme court for review should he wish to do so, see WIS. STAT. § 808.10(1), or after a decision on a timely motion for reconsideration under WIS. STAT. RULE 809.24. If Hagen wishes to keep the records sealed past this time period, motion shall be made to the supreme court.
By the Court .-Order affirmed.

All references to the Wisconsin Statutes are to the 2015-16 version.

This appeal was advanced for decision under Wis. Stat. Rule 809.20.

The redactions include the names of witnesses and the complainant, medical information, and unsubstantiated rumors about Hagen. The redactions are not challenged on appeal.

Wisconsin Stat. § 19.36(10) provides:
Employee Personnel Records . Unless access is specifically authorized or required by statute, an authority shall not provide access under [ Wis. Stat. §] 19.35(1) to records containing the following information ...:
(a) Information maintained, prepared, or provided by an employer concerning the home address, home electronic mail address, home telephone number, or social security number of an employee, unless the employee authorizes the authority to provide access to such information.
(b) Information relating to the current investigation of a possible criminal offense or possible misconduct connected with employment by an employee prior to disposition of the investigation.
(c) Information pertaining to an employee's employment examination, except an examination score if access to that score is not otherwise prohibited.
(d) Information relating to one or more specific employees that is used by an authority or by the employer of the employees for staff management planning, including performance evaluations, judgments, or recommendations concerning future salary adjustments or other wage treatments, management bonus plans, promotions, job assignments, letters of reference, or other comments or ratings relating to employees.

This case does not involve any concerns regarding protection of reluctant complaining witnesses and the releasing authorities' opposition to release, as was the case in Hempel v. City of Baraboo , 2005 WI 120, 284 Wis. 2d 162, 699 N.W.2d 551. Here, the identities of the complainant and witnesses have been redacted. This reinforces the conclusion that there likely would be no chilling effect on future potential complainants, witnesses, or future employees.

Hagen's references to various other statutes, such as the Open Meetings Law, which he contends embody the public policy protecting employee personnel matters, fail to address the well-established cases specifically discussing and differentiating routine employee personnel matters and the release of records relating to completed investigations of employee misconduct under the Public Records Law.

We reject Hagen's argument that counsel may have ethical obligations to share the information with his or her client. He fails to develop any such argument, much less address the court's protective order, which restricts counsel to an attorney's eyes-only review.